## DEERE *v.* BOARD OF COUNTY COM'RS OF RIO GRANDE CO.

*(Circuit Court, D. Colorado.   January 13, 1888.)*

STATUTES—REPEAL—EFFECT TO TAKE AWAY REMEDY.

The right of a creditor to enforce by *mandamus* the levy and collection of a poll-tax, if necessary for the payment of his debt, is not abridged by the subsequent repeal of the act authorizing such tax.

Application for Writ of *Mandamus.*

This was an application by Charles Deere for a writ of *mandamus* to compel the board of county commissioners of Rio Grande county, Colorado, to levy a tax. The defendant answered, and plaintiff filed demurrer thereto.

*Wells, McNeal & Taylor,* for plaintiff.

*W. M. Maguire* and *E. F. Richardson,* for defendant.

BREWER, J. In *Deere* v. *Board of County Com'rs,* which is a petition in *mandamus* to compel the defendant to levy taxes to pay a judgment, the defendant has filed an answer to petition, which presents this state of facts: The judgment is based upon indebtedness created in 1874. At that time there was a law in force authorizing the county commissioners to levy a poll-tax, according to their discretion, both as to amount and the purposes for which the tax collected should be used. The law authorizing that was subsequently repealed; and there is to-day no law in force authorizing the levy and collection of poll-tax. The answer sets up that the county commissioners each year are levying, and will continue to levy, a real-estate tax to the full extent allowed by law, and that they are ready to give the plaintiff a warrant on the county treasury payable to his order. That has been tried once, but the plaintiff received no money, and sued over, and got a second judgment on the warrant issued to him, which he is now seeking in this way to collect. It is sufficient to say that the collection of the real-estate tax apparently will work no payment to this plaintiff of the judgment; and it is well settled by repeated decisions of the supreme court that any authority which exists in the county commissioners to levy and collect taxes to satisfy a debt at the time it is created becomes a part and parcel of the contract; and if there is no other recourse,—no other remedy,—the judgment creditor may avail himself of that authority although it may since have been taken away by statute. In other words, if to-day the legislature gives to a county the power to levy two cents of taxation, and that county creates a debt, and the next year the legislature takes away the power, or reduces it to one cent, the creditor has a right to insist, if necessary for the payment of his debt, upon the levy of a two-cent tax. The legislature, by abridging the power, cannot thereby destroy the value of the claim against the county. The demurrer to the answer will therefore be sustained, and the plaintiff will be entitled to a *mandamus* directing the county commissioners to levy a poll-tax. It is stated, and I suppose there is no question about it, that while this is a small judgment, the population and wealth of the county are also quite small. In view of that, the order will not be to levy and collect in one year a poll-tax sufficient to pay this judgment, but in two years.